UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
GRAMERCY ADVISORS, LLC;
                                                            :
               Plaintiff,
                                                            :
     v.                           **Civ. A. No. 07cv2809 (LMM)**
                                                            :  **ECF CASE**

CARLETON A. JONES, III, and                                 :
JOHN A. JONES;
                                                            :
               Defendants.
                                                            :
---------------------------------------------------------------- x

## COMPLAINT AND JURY DEMAND

     Plaintiff GRAMERCY ADVISORS, LLC ("Gramercy" or "Plaintiff"), by and through its undersigned attorneys, as and for its Complaint against Defendants CARLETON A. JONES, III and JOHN A. JONES ("Joneses" or "Defendants"), hereby alleges as follows:

### PARTIES

     1.    Plaintiff Gramercy Advisors, LLC, is a Delaware limited liability company having its principal place of business at 20 Dayton Avenue, Greenwich, Connecticut 06830.

     2.    Upon information and belief, Defendants are individuals residing in the State of Tennessee.

### JURISDICTION AND VENUE

     3.    There is complete diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000, exclusive of interest and costs. Therefore, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

     4.    Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## NATURE OF THE ACTION

5.      This action for damages arises out of Defendants' willful, unjustified, and unjustifiable breach of a contractual agreement requiring them to indemnify and save Plaintiff harmless for all claims arising out of their relationships.

## COMMON ALLEGATIONS

6.      Gramercy is an SEC Registered Investment Advisor and an NASD Regulated Broker/Dealer as well as the investment manager to a number of private investment partnerships and managed accounts.

7.      Defendants are sophisticated businessmen who, in 2001, sold their stock in several businesses, thereby reaping millions of dollars in capital gains.

8.      Defendants sought to avoid paying millions of dollars of federal income tax, and retained the accounting firm of BDO Seidman LLP to devise a tax-avoidance strategy.

9.      Defendants later requested that Gramercy execute certain securities trades on their behalf pursuant to the tax strategy selected by Defendants after consultation with their independent team of financial and legal advisors. The transaction involved using distressed emerging market debt with high cost basis and low market value to generate a capital loss that could then be used to offset the aforementioned capital gains.

10.     The terms of the relationship between Defendants and Gramercy were set forth in separate Investment Management Agreements ("IMA") executed by the parties as of June 14, 2002. (The IMA executed by Defendant Carleton Jones is attached hereto as Exhibit A. The IMA executed by Defendant John Jones is attached hereto as Exhibit B.)

11.     Gramercy is not an accounting firm, nor is it a law firm. It was therefore in no position to advise Defendants on tax or legal matters, and it did not do so. Accordingly,

Gramercy's role with respect to Defendants' tax strategy was limited to the ministerial execution of trades at the direction of Defendants and their independent tax and financial advisors. Gramercy had no role whatsoever in advising them on tax matters or tax strategy, expressed no opinion whatsoever on the legality of any tax strategy that the Defendants selected, and had no basis to opine on the validity or likely success of that strategy.

12. As alleged above, Defendants pursued their chosen tax strategy on the advice of their personal, independent tax and financial advisors on whom they relied heavily. Specifically, before they entered into any transactions with Gramercy, Defendants retained independent tax counsel De Castro, West, Chodorow, Glickfeld & Nass, Inc. and an independent financial advisor, Steven Solys.

13. To the extent that Defendants were uncomfortable with any aspects of the transactions or the tax strategy proposed by BDO Seidman, or had any questions in that regard, they had access to highly qualified, unbiased, independent advice, and were free to avail themselves of that advice.

14. The IMAs made clear that Gramercy was neither willing nor able to provide Defendants with any advice or guidance of any kind on tax matters or tax strategy. Specifically, in Paragraph 7(c) of those documents, Defendants agreed:

> [Gramercy] is not required to inquire into or take into account the effect of any tax laws or the tax position of [Defendants] in connection with managing the Account. To the fullest extent permitted by law, neither [Gramercy], its members or any of their respective affiliates and their respective partners, members, officers, directors, employees, shareholders and agents shall be liable in any manner to [Defendants] with respect to the effect of any U.S. federal, state, local or any other taxes of any nature whatsoever on the Account or [Defendants in connection with managing the Account or in connection with this Agreement or otherwise. [Defendants] agrees that [they] [have] consulted [their] own tax advisor regarding the possible tax consequences of

3

>establishing the Account or entering into any investment made under or in connection with this Agreement. . . . In addition, to the fullest extent permitted by law, neither [Gramercy], its members or any of their respective affiliates and their respective partners, members, officers, directors, employees, shareholders and agents shall have any personal liability to [Defendants], or [their] partners, officers, directors, employees, shareholders or agents, by reason of any change in U.S. federal, state or local or foreign income tax laws, or in the interpretations thereof, as they apply to [Defendants], whether the change occurs through executive, legislative, judicial or administrative action.

(Exhibit A, at 4-5; Exhibit B, at 4-5.)

15. Moreover, in connection with their accounts at Gramercy, Defendants executed Operating Agreements for HDAST LLC (in the case of Defendant Carleton Jones) and JSWONT LLC (in the case of Defendant John Jones). In Paragraph 4.3(a)(v) of the respective Operating Agreements, Defendants

>agree[d] and represent[ed] that neither the Company nor [Gramercy] nor their Affiliates nor any of their respective officers, directors, members, managers or employees has made any written or oral statement to [Defendants] as to the potential consequences of, and [Defendants] [have] not relied on the Company, [Gramercy], their Affiliates or any of the respective officers, directors, members, managers or employees for tax advice in connection with [Defendants'] investment in the Company. [Gramercy] shall not be liable to the Company or [Defendants'] in the event of any tax liability, problem, investigation, audit or issue that may arise in connection with the investment in the Company by [Defendants] and all transactions related in any way to such investment, other than as a result of the gross negligence of [Gramercy] in effecting any investment transaction.

16. Defendants also executed letters addressed to Gramercy stating the following:

>In connection with the execution of the Investment Management Agreement between [Defendants] and Gramercy Advisors, LLC (the "Investment Manager"), the undersigned hereby represents and warrants to you that the investments made pursuant to the Agreement and all transactions related thereto (collectively, the "Transactions") are believed to be in accordance with all the laws, rules and regulations applicable to the undersigned.

4

> The undersigned further acknowledges that: (a) it has consulted with its own financial, tax and legal advisors with respect to the Transactions and, in particular, the effect of the tax laws and regulations and the impact of any notices or announcements issued by the IRS, (b) it has not relied on the Investment Manager or any of its affiliates, including but not limited to Gramercy Advisors, LLC or Steamboat Capital Management LLC ("Affiliates"), or any of the members, officers, or employees of the Investment Manager and Affiliates (individually, an "Affiliated Party") for any financial, tax or legal advice with respect to the Transactions, and (c) it shall not have any claim against the Investment Manager, Any Affiliate or any Affiliated Party, in the event that any tax liability, problem or issue should arise in connection with the Transactions other than as a direct result of any negligence of the Investment Manager, any Affiliate or any Affiliated Party, in effecting the investments pursuant to the Agreement.

17. The IMAs and Operating Agreements also contained numerous provisions in which Defendants agreed to indemnify, release, and hold Gramercy harmless for any and all claims to the fullest extent permitted by law. (See Exhibit A, ¶ 7; Exhibit B, ¶ 7.)

18. Defendants also agreed to advance funds to Gramercy to cover expenses (including attorney's fees) incurred in defense or settlement of any claim arising out of or in connection with Gramercy's management of Defendants' accounts. (See Exhibit A, ¶ 7(f); Exhibit B, ¶ 7(f).)

19. The Internal Revenue Service apparently rejected Defendants' tax strategy. On November 20, 2006, Defendants filed a Complaint against BDO Seidman, LLP ("BDO") alleging causes of action for, *inter alia*, accounting malpractice, negligent misrepresentation, and breach of fiduciary duty. The lawsuit, filed in the United States District Court for the Middle District of Tennessee, was captioned *John A. Jones and Carleton A. Jones, III v. BDO Seidman, LLP*, Case No. 3:06-CV-1115 ("the Lawsuit"). Gramercy was not named a defendant in the Complaint. More than four months later, on March 27, 2007, Defendants amended their

Complaint, added Gramercy as a defendant, and alleged (*inter alia*) fraud, breach of fiduciary duty, negligent misrepresentation, and professional malpractice stemming from tax advice offered to Defendants by BDO. Notably, Defendants' alleged in the Lawsuit that their accountants expressly advised them *not to ask Gramercy for tax advice*.

20.     Thus, despite the valid and enforceable contracts requiring Defendants to hold Gramercy harmless, and their repeated written acknowledgments that Gramercy provided no tax advice to them, Defendants nonetheless named Gramercy as a defendant in the Lawsuit.

21.     In the Lawsuit, Defendants expressly repudiated their obligations to advance Gramercy's expenses and to indemnify Gramercy pursuant to Section 7(f) of the IMA. In light of Defendants' express repudiation of their contractual obligations, it would be futile for Gramercy to demand advancement of the fees, costs, and expenses it has incurred, and will continue to incur, in defending the Lawsuit. Additionally, consistent with the terms of the IMA, Gramercy hereby undertakes to repay the amount advanced by Defendants to the extent that it is determined ultimately that Gramercy is not entitled to indemnification under the IMA.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

22.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 21 as if set forth fully herein.

23.     The IMAs and the Operating Agreements are contracts supported by consideration and mutual assent that collectively required, (*inter alia*) Defendants to indemnify Gramercy and to advance Gramercy's expenses (including attorney's fees).

24.     Defendants have breached the foregoing contracts by, *inter alia*, (1) refusing to advance expenses incurred by Gramercy; (2) refusing to indemnify Gramercy for its expenses; and (3) asserting legal claims against Gramercy.

25. As a result of the foregoing breaches, Plaintiff has suffered and will continue to suffer damages.

## SECOND CAUSE OF ACTION
### Declaratory Judgment

26. Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 25 as if set forth fully herein.

27. An actual, substantial, immediate, and real controversy exists between the parties regarding Defendants' ongoing contractual obligations to advance expenses to Gramercy and to indemnify Gramercy pursuant to the provisions of the IMAs and the Operating Agreements.

28. Plaintiff seeks a declaration that Defendants have an existing and ongoing obligation to advance expenses incurred by Gramercy and to fully indemnify Gramercy for its expenses pursuant to the indemnification provisions of the IMAs and the Operating Agreements.

## THIRD CAUSE OF ACTION
### Specific Performance

29. Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 28 as if set forth fully herein.

30. Valid and enforceable contracts for good and valuable consideration in the form of the IMAs and the Operating Agreements exist between the parties for investment services as aforesaid.

31. Plaintiff has dutifully performed all of its contractual obligations to Defendants arising under the foregoing contracts.

32. Upon information and belief, Defendants are able to perform their obligations under the contracts, specifically, by advancing legal fees to Gramercy and indemnifying Gramercy pursuant to the indemnification provisions of the contracts.

33. Gramercy has no adequate remedy at law as a result of the Defendants' breaches of contracts.

34. The refusal of Defendants to perform their contractual obligations requires in right justice and equity the intervention of this Court to order specific performance.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands relief as follows:

(i) Compensatory damages in an amount to be proved at trial;

(ii) A declaration that Defendants are obligated to advance expenses incurred by Gramercy and to indemnify Gramercy consistent with their contractual obligations;

(iii) An order granting specific performance and compelling Defendants to advance funds to Gramercy; to indemnify Gramercy consistent with their contractual obligations; and to cease prosecution of all actions against Gramercy;

(iv) Attorney's fees and costs of suit; and

(v) Such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
April 6, 2007

Sean F. O'Shea (SO5476)
Michael E. Petrella (MP3794)
**O'SHEA PARTNERS LLP**
90 Park Avenue, 20th Floor
New York, New York 10016
Tel:  (212) 682-4426
Fax:  (212) 682-4437