# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

---------------------------------------------------------------X
JOHN A. JONES and CARLETON A. |
JONES, III, | Case No. 3:06-CV-1115
 |
Plaintiffs, | Judge Echols
 |
v. | Magistrate Judge Brown
 |
BDO SEIDMAN, LLP and GRAMERCY |
ADVISORS, LLC, |
 |
Defendants. |
---------------------------------------------------------------X

**DECLARATION OF JAY A. JOHNSTON IN SUPPORT OF MOTION OF DEFENDANT GRAMERCY ADVISORS LLC TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO DISMISS PURSUANT TO *FED. R. CIV. P.* 9(b), 12(b)(1) AND 12(b)(6)**

I, JAY A. JOHNSTON, hereby affirm under penalty of perjury that the following statements are true and correct:

1. I am a Co-Managing Partner of Defendant Gramercy Advisors LLC ("Gramercy"). I make this Declaration in support of Gramercy's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction or, Alternatively, to Dismiss Pursuant to *Fed. R. Civ. P.* 9(b), 12(b)(1) and 12(b)(6).

2. Gramercy is a Delaware limited liability corporation with its principal (and sole) place of business in Greenwich, Connecticut. Prior to 2001, Gramercy's principal place of business was located in New York City.

3. Gramercy is an SEC-registered Investment Advisor, and is the investment manager to several affiliated investment funds and a number of private investment partnerships and managed accounts. Generally speaking, Gramercy specializes in foreign emerging market distressed debt.

4. At no time has Gramercy had any offices in the State of Tennessee.

5. At no time has Gramercy owned, leased, or held any real property or other assets in Tennessee, nor has it ever maintained any bank accounts in Tennessee.

6. Neither I nor any other member of Gramercy resides or has resided in Tennessee.

7. At no time has Gramercy maintained any employees or other representatives in the State of Tennessee. Likewise, at no time has it maintained any telephone listings in Tennessee.

8. At no time has Gramercy been licensed or registered to do business in Tennessee as a foreign limited liability company pursuant to Tenn. Code. § 48-246-301, nor has it been obligated to do so by the transaction of business in Tennessee.

9. At no time has Gramercy advertised in the State of Tennessee, or anywhere else in a manner specifically calculated to attract Tennessee investors, or affirmatively solicited clients, in the sense of "cold calling" or other unsolicited sales calls, in Tennessee. Indeed, Gramercy's clients are located all across the United States.

10. Gramercy maintains a website at http://www.gramercy.com offering general information about Gramercy and the services it offers, and which enables existing clients to view account information. The website has no particular orientation towards Tennessee or Tennesseans. Indeed, the only geographic orientation is found on the directions page (http://www.gramercy.com/ContactUs/Directions.asp), which contains travel instructions only for the Tri-State area (New York, New Jersey, and Connecticut).

11. Plaintiffs were referred by their tax advisors, BDO Seidman, LLP, to Gramercy as a potential client. Gramercy did not initiate contact with Plaintiffs in the State of Tennessee, or solicit them in Tennessee as potential investors.

12. No Gramercy officer or employee has ever met with Plaintiffs in the State of Tennessee.

13. No Gramercy officer or employee has ever traveled to the State of Tennessee in connection with Plaintiffs' accounts.

14. Only approximately seven tenths of one percent (0.7%) of Gramercy's income during the last seven years has come from Tennessee residents. In fact, during that time, Gramercy has had a total of three Tennessee clients – two of whom are the Plaintiffs in this action.

15. At no time has Gramercy filed income or sales tax returns with the State of Tennessee.

16. In general terms, the tax strategy pursued by Plaintiffs in this case involved the acquisition of certain securities with a high cost basis but a low market value. According to the strategy, which Gramercy did not devise, the subsequent sale of those assets at the then-current market value would generate capital losses that would be used to offset the Plaintiffs' capital gains from other sources.

17. To the best of my knowledge, all of the transactions executed by Gramercy in connection with the subject matter of the Amended Complaint were initiated from Greenwich, Connecticut, and the vast majority of those transactions were cleared primarily through New York banks and financial institutions.

18. Gramercy is not an accountancy or tax advisory firm, nor is it a law firm. It is in no position to advise clients on tax or legal matters, and it does not do so. Accordingly, Gramercy's role in the transactions alleged in the Complaint was limited to the execution of trades and transactions necessary to achieve the strategy devised and recommended by Plaintiffs' tax advisors. Gramercy had no role whatsoever in advising Plaintiffs on tax matters or tax strategy, and expressed no opinion whatsoever on the legality of any tax strategy selected by Plaintiffs.

Dated: May 25, 2007

_____
Jay A. Johnston