**APPENDIX B
TO MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, STAY OR TRANSFER**

Gramercy's suit against Messrs. Jones is predicated on Investment Management Agreements ["IMAs"] which it drafted. Gramercy drafted the IMAs to include provisions requiring Messrs. Jones to indemnify Gramercy. [Complaint, Exhibits A and B, §7(e)]. Gramercy now contends that those indemnity provisions allow it to recover the attorney fees which it incurs *in suits between it and Messrs. Jones*. As will be explained, this contention of Gramercy is contrary to the well-settled law of New York and the Second Circuit.[1] Indeed, the Courts of New York and Courts within the Second Circuit have repeatedly considered indemnity provisions similar to those at issue in this case and have held that those provisions did not allow for recovery of attorney fees in suits between the parties to the contracts which contained the indemnity provisions.

The seminal case is *Hooper Associates, LTD. v. AGS Computers, Inc*., 74 N.Y.2d 487, 548 N.E.2d 903, 549 N.Y.S.2d 365 (1989). In that case, the New York Court of Appeals held that indemnity provisions in a contract did not allow for the recovery of attorney fees incurred in a lawsuit between the parties to that contract. The Court explained as follows:

> Words in a contract are to be construed to achieve the apparent purpose of the parties. <u>Although the words might "seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view</u>" [citation omitted] <u>This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed</u> [citations omitted]. The promise should not be found unless it can be clearly implied **[\*492]** from the language and purpose of the entire agreement and the surrounding facts and circumstances. [citations omitted]. <u>Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in</u>

---

[1]The IMAs provide that they are to be interpreted by the law of New York.

> <u>litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise</u>. [citations omitted].
>
> The clause in this agreement does not contain language clearly permitting plaintiff to recover from defendant the attorney's fees incurred in a suit against defendant. On the contrary, it is typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim. It obligates defendant to "indemnify and hold harmless [plaintiff] * * * from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees" arising out of breach of warranty claims, the performance of any service to be performed, the installation, operation and maintenance of the computer system, infringement of patents, copyrights or trademarks and the like. <u>All these subjects are susceptible to third-party claims for failures in the installation or operation of the system. None are exclusively or unequivocally referable to claims between the parties themselves or support an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract</u>.

74 N.Y.2d at 491-492, 548 N.E.2d at 905, 549 N.Y.S.2d at 367 (emphasis supplied)

Thus, an indemnity provision in a contract will not be construed to allow for recovery of attorney fees incurred in a lawsuit between the parties to the contract "unless the intention to do so is unmistakably clear from the language of the [contract]." <u>Where the language of the indemnity provision is susceptible to third-party claims and is not exclusively limited to claims between the parties themselves, such "unmistakably clear" intent is lacking</u>.

The Court also explained that construing the indemnity provisions to require payment of attorney fees incurred in a lawsuit between the parties would render certain language of the indemnity provision meaningless. The Court stated that this supported its interpretation of the contract. *Id.*

"New York Courts have strictly applied the rule expressed in *Hooper*." *EMC Mortgage Corp. v. Mortgageit, Inc.*, 2006 U.S. Dist. LEXIS 95803 (N.D. Tex. 2006)(applying New York law

and holding that indemnity provisions did not allow for recovery of attorney fees in lawsuit between parties to the contract). *See, e.g., Popyork, LLC v. 80 Court St. Corp.*, 23 A.D.3d 538, 540, 806 N.Y.S.2d 606, 608 (N.Y.A.D. 2 Dept.,2005)("Supreme Court should have awarded the plaintiff summary judgment dismissing the defendant's counterclaim for awards of an attorney's fee and costs. The lease provision upon which the defendant relies to support its claim that it is entitled to recover such expenses only requires the plaintiff to indemnify the defendant in actions commenced against it by third parties").

*And* see, Bridgestone/Firestone *v. Recovery Credit*, 989 F.3d 13 (2d Cir. 1998) in which the contract between the parties provided as follows:

> [T]he Agency shall indemnify and save [BFI] harmless from any and all claims, demands or causes of action, any and all costs or expenses, including attorney fees, that may be asserted due or arising out of the Agency's collection activity or employee dishonesty deemed contrary to prevailing guidelines on accounts referred by [BFI]

989 F.3d at 24.

Stating as follows, the Second Circuit held that this did not permit recovery of attorney fees incurred in a suit between the parties:

> <u>This language is not an unmistakably clear statement that such damages were intended</u>. *Cf. Sequa Corp. v. Gelmin, 851 F. Supp. 106, 110-11 (S.D.N.Y. 1994); Bourne Co. v. MPL Communications, Inc., 751 F. Supp. 55, 57-58 (S.D.N.Y. 1990)* (contract did not contemplate attorney fee indemnification between parties where agreement to indemnify did not expressly mention indemnification **[\*\*25]** for suits between the parties and claims covered by agreement were not exclusively or unequivocally claims between parties themselves); *Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d at 492* (same). <u>The language may easily be read as limited to third party actions against BFI</u> by, for example, persons from whom the Agencies demanded money.

989 F.3d at 24-25 (emphasis supplied).

In *Coastal Power Int'l, Ltd. v. Transcontinental Capital Corp.*, 182 F.3d 163 (2d Cir. 1999), the indemnity clause stated as follows in pertinent part:

> [E]ach Party . . . hereby agrees to . . . indemnify . . . each Person **[\*\*5]** to whom a representation, warranty, covenant and agreement is made hereunder . . . in respect of any and all Claims it shall incur or suffer, which arise, result from or relate to any breach of, or failure by an Indemnifying Party to perform, any of its representations, warranties, covenants or agreements contained in this Agreement . . . .

182 F.3d at 165.

Applying the "unmistakably clear" rule of *Hooper*, the Second Circuit held that this did not allow for recovery of attorney fees incurred in suits between the parties. *Id.*

In *Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186 (2d Cir. 2003), the plaintiff asserted that §7(b) of the engagement agreement between a financial advisor and Hollander required that Hollander pay the attorney fees incurred by plaintiff in a lawsuit with Hollander. *Id.* at 99. The provisions of §7(b) provided that Hollander would do the following:

> [R]eimburse the Advisor promptly for any legal or other expenses reasonably incurred by it in connection with investigating, preparing to defend or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any lawsuits, investigations, claims or other proceedings arising in any manner out of or in connection with the rendering of services by the Advisor hereunder (including, without limitation, in connection with the enforcement of this Agreement and the indemnification obligations set forth herein).

*Id.*

Applying the rule of *Hooper,* the Second Circuit looked to all provisions of §7 and found the "unmistakably clear" intent to be lacking. *Id.* It dismissed plaintiff's claim to recover attorney fees from Hollander. *Id.*

In *Canpartners Investments IV, LLC v. Alliance Gaming Corp.*, 981 F.Supp. 820 (S.D.N.Y.,1997), the plaintiff sought to recover attorney fees incurred in litigation between the parties. Plaintiff relied on the following provisions of the letter agreement between the parties:

> [*827] The Borrower [defendant] hereby indemnifies and holds each Lender . . . harmless from and against any and all claims, damages and liabilities (including all reasonable fees, expenses and disbursements of counsel) which may be incurred by or asserted against [a Lender] in connection with or arising out of any . . . litigation or proceeding arising out of or in connection with this letter agreement . . . whether or not . . . the Loans are made . . . . The Borrower shall pay all out-of-pocket expenses incurred by either or both of the Lenders . . . in connection with this letter agreement . . . whether or not the Loans are made.

981 F.Supp. at 827.

The Court dismissed the claim for attorney fees, explaining as follows:

> As in *Hooper*, the language here is not so "unmistakably clear", as the clause "is typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim." [citations omitted].

*Id.*

In *Tecnoclima, S.p.A. v. PJC Group of New York, Inc.*, 1995 U.S. Dist. LEXIS 9139 (S.D.N.Y.,1995), the contract between Calortecnica and Circle contained the following indemnification provision:

> Manufacturer agrees to indemnify and hold Exclusive Concessionary (Distributor) [Circle] harmless from and against any and all claims, demands, causes of action, suits, proceedings, liabilities, losses, damages and costs (Including legal fees and expenses incident thereto), which the Exclusive Concessionary (Distributor) [Circle] may sustain, caused by and arising out of (I) an infringement of patent, or other right granted by Manufacturer to exclusive Concessionary (Distributor) [Circle], and (II) a breach of the warranty of the product given by the Manufacturer, provided said product is installed, serviced and used and operated in accordance with the Manual Installation Instructions and has not been modified or altered.

*Id.* at *2.

Circle contended that these provisions allowed it to recover from Calortecnica the attorney fees which it had incurred in litigating with Calortecnica. Applying the rule of *Hooper,* the Court found that the indemnity provision did "not expressly and unmistakably provide for indemnification of claims asserted between the parties," and denied the claim for attorney fees. *Id.* at *3-6.

In *Manhattan Real Estate Partners, I.L.P. v. Harry S. Peterson Co., Inc*., 1992 U.S. Dist. LEXIS 17421 (S.D.N.Y.,1992), the owner of real estate sought to recover the attorney fees it had incurred in litigation with the contractor. The owner relied upon the following indemnity provisions in contract between the parties:

> [T]he contractor agrees to defend, indemnify and hold harmless the owners, their agents, partners and employees against any and all liability, including legal costs and expenses on account of death or injury to any person or damage to property, including loss of use, happening in or arising out or [or] in any way relating to the performance of this contract, provided that such injury or loss of life or loss or damage to property is not due to the sole, affirmative negligent acts of owners or their partners, employees or agents.

*Id.* at *3.

Explaining as follows, the Court emphatically rejected the owner's claim for attorney fees:

> Here, as in *Hooper* and *Bourne,* the indemnification provision refers to the payment of legal fees under certain circumstances. As in those two cases, however, the indemnification provision at issue does not clearly distinguish the obligation to pay attorney's fees in actions between the parties from actions by third parties. Thus, even if, as the Court previously concluded, the contract's language is sufficiently broad to require Peterson to indemnify Manhattan for all damages to the property, it is not sufficiently precise also to require that Peterson reimburse Manhattan for its attorney's fees.

*Id.* at *5.

*And see*, *Bourne Co. v. MPL Communications, Inc.*, 751 F.Supp. 55, 58 (S.D.N.Y.1990) (denying claim for attorney fees incurred in suit between the parties because the contractual provision lacked "unmistakably clear" language).

Federal Courts in other circuits have similarly applied New York law and rejected attempts to extend indemnity provisions to include attorney fees incurred in litigation between the parties to the contract. In *475342 Alberta, Ltd. v. Braley*, 932 F.Supp. 764, *769 -770 (W.D.Va.,1996) (following *Hooper* and applying New York law), the indemnity provision in a letter agreement provided as follows:

> [Braley] agree[s] to indemnify and hold NovAtel harmless, and to reimburse NovAtel fully for any liability incurred by NovAtel arising out of any inquiry, dispute, litigation or claim in connection with, or in any way related to, directly or indirectly, whether instituted by [Braley] or another, this Commitment or the terms or obligations of NovAtel hereunder, including reasonable attorneys' fees and legal costs related thereto.

932 F. Supp.2d at 770.

The Court held that this "indemnity clause [did] not meet Hooper's 'unmistakably clear' language requirement." 932 F. Supp.2d at 769-770.

In *Foster Poultry Farms Inc. v. Suntrust Bank,* 355 F.Supp.2d 1145, 1149-1155 (E.D.Cal.,2004)(following *Hooper* and applying New York law), the Court explained as follows in holding that an indemnity provision did not allow for recovery of attorney fees incurred in litigation between the parties:

> All four sections of the indemnity agreement <u>may apply to third-party claims, not just intra party suits</u> for breach of the Credit . . . Section one refers to claims arising from the performance of the agreement itself and could encompass intra-party claims arising from their performance under the Credit Agreement. Section two refers to claims arising from the Plaintiffs' use or proposed use of a loan or line of credit. Section three covers suits arising from the effect on third parties of the release of

hazardous materials. Section four provides protection even when the indemnitee is not a party to the cause of action giving rise to the claim. <u>Not one of these four sections exclusively describes intra-party suits. All four clauses of the indemnity agreement lack clear and unmistakable language that the indemnity provisions were intended to apply solely to intra-party suits</u>.

355 F.Supp.2d at 1153.

Thus, it is not sufficient if the indemnity provisions could apply to intra-party suits as well as to third party claims. Rather, the indemnity provisions must apply *exclusively* intra-party suits. Otherwise, the indemnity provisions will not allow for recovery of attorney fees incurred in litigation between the parties.

In *FleetBoston Robertson Stephens, Inc. v. Innovex, Inc.,* 172 F.Supp.2d 1190 (D.Minn.,2001)(applying New York law), the Court considered an indemnity provision which was remarkably similar to the provision at issue in this case. Explaining as follows, the Court held that the indemnity provisions did not allow for recovery of attorney fees incurred in litigation between the parties:

> A contract's language must make the intent to provide for attorney fee indemnification between contractual parties "unmistakably clear." *Id.* (citing *Hopper, 548 N.E.2d at 903*). Where an attorney fee provision is not "unmistakenly clear," courts read the provision to apply only to legal expenses incurred through litigation with noncontractual or third parties. *955 F. Supp. at 218*.
> In *Bonnie & Company Fashions, Inc.*, plaintiffs sued defendant for breach of a factoring agreement and defendant **[**25]** claimed that plaintiffs were liable for defendant's litigation expenses. *Id. at 215*. The attorney fees provision of the factoring agreement stated that plaintiffs would indemnify defendants for:
>
>> all costs and expenses incurred by [defendant] in protecting, maintaining, preserving or enforcing the sale, assignment, pledge, lien and security interests granted to [defendant] hereunder, whether through judicial proceedings or otherwise, or in defending or prosecuting any actions or proceedings arising out of or in any way related to this Agreement....

> *Id. at 218*. Plaintiffs claimed that the agreement's attorney fees provision applied only to third-party lawsuits, not to lawsuits between contractual parties. *Id. at 215*. The court concluded that the factoring agreement's language did not satisfy **[\*1200]** the "unmistakably clear" standard because the text could easily be read to protect defendant from third-party claims and could not support an inference that plaintiffs sought to indemnify defendant from claims between the parties themselves. *Id. at 219*. The court therefore denied defendant's request for attorney fees.
>
> . . .
>
> As in *Bonnie & Company Fashions, Inc.* and *Hooper Assocs., Ltd.*, plaintiff claims that it is entitled to attorney fees under the indemnification portion of the engagement agreement. The language of the parties' indemnification agreement states that defendant agrees to:
>
>> indemnify and hold harmless BRS ... ("Indemnified Person"), from and against any losses, claims, damages, expenses and liabilities on actions in respect thereof collectively, ("Losses") as they may be incurred, including all reasonable legal fees and other expenses incurred in **[\*\*27]** connection with investigating, preparing, defending,... any losses, whether or not in connection with any pending or threatened litigation in which any Indemnification Person is a named party ... which are related to or arise out of any act, omission, transaction or event contemplated by the Agreement.
>
> (Wilson Aff., Ex. A.) This language does not expressly cover claims between the parties themselves. Because the language is not "unmistakably clear" that the plaintiff can recover attorney fees from defendants, the court concludes that the indemnification provision applies only to third-party claims.

172 F.Supp.2d at 1199 -1200.

In this case, the terms of the indemnity provision likewise fall far short of the "unmistakably clear" language required by *Hooper*. As in *Hooper*, all of the indemnity provisions are susceptible to costs and expenses incurred in connection with claims by third-parties. None of those provisions are "exclusively or unequivocally referable to claims between the parties themselves." *Hooper, supra*, 74 N.Y.2d at 491-492, 548 N.E.2d at 905, 549 N.Y.S.2d at 367. Indeed, certain of the provisions could not possibly be referable to claims between the parties. For example, the indemnity provisions include the following:

> . . . Client shall indemnify and save harmless the Investment Manager . . . against all taxes, charges, duties or levies *incurred by the Investment Manager* . . .

(emphasis supplied).

Such "taxes, charges, duties or levies incurred by the Investment Manager" could not possibly arise from a claim between the parties. Rather, they could only arise from claims or assessments first made by third parties or governmental entities against Gramercy. Indeed, these provisions would be meaningless if they were intended to "exclusively or unequivocally" refer to claims between the parties themselves because such claims could never arise as a result of claims between the parties themselves. They could only arise as a result of claims made against Gramercy by third parties or governmental entities.

> Likewise, the indemnity provisions in this case include the following:
>
> . . . Client shall indemnify and save harmless the Investment Manager . . . against any and all claims, liabilities, damages, losses, costs and expenses, including amounts paid . . . *as fines and penalties* . . .

(emphasis supplied).

Here again, such "fines and penalties" could only be paid as a result of action by a third party or governmental entity. In the event of an assessment of such a "fine or penalty," Gramercy would seek to be indemnified by Messrs. Jones. Thus, these provisions could not possibly "exclusively or unequivocally" refer to claims between the parties themselves. *Hooper*, *supra*, 74 N.Y.2d at 491-492, 548 N.E.2d at 905, 549 N.Y.S.2d at 367.

Moreover, there is even more reason in this case than in *Hooper* to hold that the indemnity provisions do not extend to attorney fees incurred in litigation between the parties. This is because Gramercy was not only a fiduciary to Messrs. Jones but also <u>was the drafter of the IMAs</u>. *See,*

*Altman v. Bayliss*, 1997 WL 436711, *2 (W.D.N.Y.,1997) (express contractual indemnification agreements must be strictly construed and, to the extent an indemnification clause is ambiguous, the long-standing rule of contract construction requires that such be construed against the drafter); *Mejia v. Trustees of Net Realty Holding Trust*, 304 A.D.2d 627, *628-629, 759 N.Y.S.2d 91,**93 (N.Y.A.D. 2 Dept.,2003) (citing *Hooper, supra*, for proposition that "Indemnification provisions of a contract must be strictly construed and any ambiguity construed against the drafter.")  *A fortiori*, the indemnity provisions in the IMAs must be strictly construed against Gramercy.  If Gramercy had wished for Messrs. Jones to pay attorney fees incurred by it in litigation directly between the parties, it should have said so when it drafted the IMAs. Stated otherwise, any doubts must be resolved in favor of Messrs. Jones inasmuch as Gramercy was not only the indemnitee but also the drafter of the document with the indemnity provision.  As the Court stated in *U.S. v. Jones*, 304 F.Supp. 94 (D.C.N.Y. 1969):

> The New York rule . . . requires that an indemnity agreement be expressed in unequivocal terms and bars recovery under an ambiguous provision.  As Chief Judge Learned Hand summed up the rule, 'if the indemnitee means to throw the loss upon the indemnitor for a fault in which he himself individually shares, he must express that purpose beyond any peradventure of a doubt.' <u>Since the clause was contained in a standard form prepared by the government, in this instance, too, any ambiguity in its terms should be resolved against it</u>.

*Id*. at 103. [emphasis supplied].[2]

In *Bertaux v. Dreryfus,*, 2002 U.S. Dist. LEXIS 4077 (D. Mass. 2002), the Court applied New York law to determine the effect of the following indemnity provision:

> Unless resulting from the Trustee's own gross negligence or willful misconduct, the Employer shall indemnify the Trustee and save it harmless from, against, for and in

---

[2] It should also be remembered that the indemnity provisions in this case provide that they do not apply where Gramercy's conduct "constituted willful misconduct, gross negligence, a violation of applicable securities laws or criminal wrongdoing."

> respect of any and all damages, losses, obligations, liabilities, liens, deficiencies, costs and expenses (including, without limitation, attorney's fees and other costs and expenses incident to any suit, action, investigation, claim or proceedings) suffered, sustained, incurred or required to be paid by the Trustee in connection with the Plan or this Trust Agreement.

*Id.* at *9.

The Court stated as follows in holding that not even this broadly worded indemnity provision allowed Dreyfus Trust to recover attorney fees incurred in litigation between the parties:

> <u>General or broadly phrased indemnification clauses may not adequately express the contracting parties' clear intention to shift fees in cases of litigation between only them, as distinguished from litigation between the indemnitee and a stranger to the contract. . . . while general language might be sufficient to shift fees if the agreement would have no meaning or purpose unless it were to apply to litigation between the contracting parties, [citation omitted] a broad provision is not sufficient where it may foreseeably be applied to third-party cases and where there is no specific language that overrides the presumption that as between the parties to the contract the American Rule will govern</u>.

*Id.* at *10-11 (emphasis supplied).

Cases applying the law of other jurisdictions are in accord with New York law and the foregoing cases. *See*, *Shan Industries, LLC v. Tyco International (US), Inc.,* 2005 U.S. Dist. LEXIS 30170, *9-13 (D.N.J.,2005)(finding that Massachusetts law was "consistent with the well-developed law of the Second Circuit and the State of New York" and holding that indemnity provision did not allow for recovery of attorney fees incurred in litigation bewteen the parties); *FDIC v. Fedders Air Conditioning, USA, Inc.,* 821 F.Supp. 50, 56 (D.Mass.1993)(applying Illinois law); *Icehouse, Inc. v. Geissler,* 636 N.W.2d 459, 467-468 (S.D.,2001).

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **APPENDIX B TO MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER** has been served via **Electronic Transmission** upon:

Michael Edward Petrella, Esq.
O'Shea Partners, LLP
90 Park Avenue, 20th Floor
New York, NY 10016

Richard D. Meadow, Esq.
The Lanier Law Firm, PLLC
126 East 56th Street, 6th Floor
New York, NY 10022

via **Electronic Transmission and Federal Express** upon:

Hon. Lawrence M. McKenna, District Judge
United States Courthouse
500 Pearl St., Room 1640
New York, NY 10007


this 19th day of June, 2007.


                                                  s/ Winston S. Evans

361400.032