# EXHIBIT 11

4. Hasting

Hasting's receipt of secret compensation from tax shelter promoter Gramercy, which he failed properly to report to the IRS, is unquestionably relevant to his knowledge and intent regarding the underlying charges. Like the tax evasion allegations against Hasting contained in the Indictment, Hasting's personal income tax evasion was committed through stealth reporting designed to hide income from the IRS. More particularly, Hasting received a $75,000 item of income from tax shelter promoter Gramercy as a "Thank You" for Hasting having referred clients to Gramercy for tax shelter transactions. Significantly, Hasting never reported that item of income on the face of his IRS 1040, as he was required to do; instead, even though the $75,000 represented "fee" or "other income" to him, Hasting limited the reporting of that fee income to the K-1 provided to him by Gramercy (who paid him not through a check or wire transfer, but through a credit to Hasting's personal account at Gramercy), and thereafter "erased" any tax liability stemming from his receipt of the income by personally engaging in a Gramercy tax shelter transaction.

The foregoing evidence — demonstrating Hasting's pattern of tax fraud activities — is highly probative of Hasting's knowledge, wilfulness, and intent with respect to the charged conduct. Again, such evidence tends to show that the conduct charged in the Indictment was part of an intentional plan undertaken by Hasting, to evade his tax reporting obligations, and not the result of Hasting's good faith belief regarding