USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/07

# O'SHEA PARTNERS LLP
### 90 PARK AVENUE
### 20th FLOOR
### NEW YORK, NEW YORK 10016

**MEMO ENDORSED** /p. 2

SEAN F. O'SHEA
MICHAEL E. PETRELLA
—
HARLAN J. PROTASS
MARC D. FEINGOLD
JONATHAN R. ALTSCHULER
MAUREEN MORAN
JULIE O'SHEA

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

June 21, 2007

**By Hand Delivery**

Honorable Lawrence M. McKenna
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Gramercy Advisors, LLC v. Carleton A. Jones, III, et al.**
            **07 CV 2809 (LMM)**

Your Honor:

    This office represents Plaintiff Gramercy Advisors, LLC in the above captioned matter. We are in receipt of the Court's June 20, 2007 Memo Endorsed Order granting Defendants' request to file a 58 page memorandum of law. Because we were not aware of Defendants' letter prior to receiving the Court's order, we write to state Plaintiff's position.

    As a preliminary matter, Defendants' Tennessee counsel served their June 19, 2007 request to the Court by Federal Express, while serving our office by regular mail from Tennessee. As a result, we still have not received their letter, a full day after the Court ruled. Rule 1(A) of Your Honor's Individual Practices expressly forbids this type of gamesmanship, stating "Except as otherwise provided below, communications with chambers shall be by letter, with copies *simultaneously delivered to all counsel*." (Emphasis added.) Defendants' violation suggests that either (1) their Tennessee counsel has not bothered to familiarize themselves with this Court's rules; or (2) they have read the rules, but willingly chose to disobey them. In light of the above, Plaintiff's respectfully request that Your Honor (1) reprimand Defendants for their violation; (2) order Defendants' counsel to submit an affirmation to this Court verifying that they have read this Court's Individual Practices and the Local Rules of the Southern District of New York; and (3) order Defendants to simultaneously serve on all counsel any future correspondence with this Court.

    Next, and with regard to the substance of Defendants' application, although they styled their filing as a 25 page memorandum with two appendices totaling 33 additional pages (see



Exhibits A and B hereto), even a cursory review of the "appendices" makes clear that they are simply continuations of the memorandum of law. Simply put, Defendants' *ex parte* request to the Court effectively sought leave to file a 58 page memorandum of law. Plaintiff, of course, leaves it to the Court's discretion to decide whether to allow Defendants to file a brief that is 33 pages overlength. However, in the event the Court grants Defendants' request, Plaintiff asks the Court to allow it 58 pages to oppose Defendants' motion.

Respectfully submitted,

Michael E. Petrella

cc: Winston S. Evans, Esq. (by fax, without exhibits)
Richard D. Meadow, Esq. (by fax, without exhibits)

*Granted. Defendants ordered to adhere to the service rule quoted above. So ordered.*

*L — M.M.*
*(LMM) 6/22/07*

2