# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN A. JONES and ) | |
| CARLETON A. JONES, III, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-CV-1115 |
| ) | Judge Echols |
| BDO SEIDMAN, LLP and ) | |
| GRAMERCY ADVISORS, LLC ) | Magistrate Judge Brown |
| ) | |
| Defendant. ) | |

## DECLARATION OF JOHN A. JONES

I, John A. Jones, hereby affirm under penalty of perjury that the following statements are true and correct:

1. I am a Co-Plaintiff in this case with my brother, Carleton A. Jones, III.

2. Gramercy Advisors, LLC ["Gramercy"] drafted the Investment Management Agreement which is attached as **Exhibit 1** ["the IMA"].

3. Gramercy sent the IMA to me in Tennessee.

4. I signed the IMA in Tennessee.

5. Gramercy also prepared and sent several others documents to me in Tennessee. I signed each of those documents in Tennessee.

6. At my request, Gramercy returned most of the funds which it has managed pursuant to the IMA. It did so in the fall of 2006. Gramercy did not return all of the funds because, according to Gramercy, it is not yet possible to liquidate certain of the investments which it had made with my funds. As a result, Gramercy still manages a small amount of my funds.

7. During the time that the IMA has been in effect, Gramercy has sent monthly statements to me in Tennessee. Copies of those monthly statements for the periods shown are attached as **Collective Exhibit 2**.

8. During the time that the IMA has been in effect, Gramercy has also sent Monthly Client Reports to me in Tennessee.

9. During the time that the IMA has been in effect, Gramercy also conducted telephonic conference calls with its investors on a regular basis. As I recall, these conference calls initially were conducted monthly and then quarterly. I participated from Tennessee in several of these conference calls. At the end of each call, the investors were given the opportunity to ask questions of Gramercy.

10. As stated, I requested that Gramercy liquidate the investments which it had made and was managing pursuant to the IMA. I did so in the fall of 2006. Gramercy responded with a demand that I execute a release as a condition of its doing so and returning my funds. **[Exhibit 3]**. I declined to execute such a release.

11. During 2005, Gramercy sent brochures to me in Tennessee. Those brochures solicited me to make additional investments with Gramercy. I did not retain copies of those brochures.

12. It was not until mid-December of 2006 before I became aware that BDO Seidman, LLP ["BDO"] and Gramercy might be dividing fees which clients of BDO had paid to BDO. I had never thought or suspected that BDO and Gramercy might be dividing such fees, including fees which my brother and I paid to BDO.

DATED:    June 15 2007

*John A. Jones*
John A. Jones

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DECLARATION OF JOHN A. JONES** has been served via **Electronic Transmission** upon:

Michael L. Dagley, Esq.
Brian D. Roark, Esq.
BASS, BERRY & SIMS, PLC
315 Deaderick St., Suite 2700
Nashville, TN 37238-3001

Robert S. Markin, Esq.
Mike Poulos, Esq.
DLA Piper US LLP
203 N. LaSalle St., Suite 1900
Chicago, IL 60601

Julie Murphy Burnstein, Esq.
BOULT, CUMMINGS, CONNERS
 & BERRY, PLLC
1600 Division St., Suite 700
P.O. Box 340025
Nashville, TN 37203

Jonathan R. Altschuler, Esq.
Michael E. Petrella, Esq.
Sean F. O'Shea, Esq.
O'SHEA PARTNERS, LLP
90 Park Ave., 20th Floor
New York, NY 10016

this 21st day of June, 2007.

s/ Winston S. Evans

361400.029.ls