**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **GRAMERCY ADVISORS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 07-CV-2809** |
| **CARLETON A. JONES, III and** | ) | |
| **JOHN A. JONES,** | ) | **Judge McKenna** |
| | ) | **Magistrate Judge Peck** |
| **Defendants,** | ) | |
| | ) | |

**AMENDED MEMORANDUM IN SUPPORT OF MOTION TO DEFER MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR TIME TO CONDUCT DISCOVERY**

Winston S. Evans (WE 6081)
Thomas W. Shumate IV (TE 3160)
Evans, Jones & Reynolds, P.C.
1810 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2424
(615) 259-4685

*Attorneys for Defendants*

**TABLE OF CONTENTS**


INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. IN ORDER TO AVOID WASTEFUL AND UNNECESSARY LITIGATION EXPENSE, THE COURT SHOULD DEFER THE MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL AFTER THE COURT HAS RULED ON THE MOTION TO DISMISS, STAY OR TRANSFER . . . . . . . . . 5

II. IN ORDER TO AVOID THE RISK OF INCONSISTENT JUDGMENTS AND THE BURDEN OF DUPLICATIVE LITIGATION, THIS COURT SHOULD DEFER THE MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING RULINGS BY THE MIDDLE DISTRICT OF TENNESSEE IN THE EARLIER FILED SUIT BETWEEN THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. IN THE ALTERNATIVE, THE COURT SHOULD ALLOW MESSRS. JONES TO CONDUCT DISCOVERY BEFORE RESPONDING TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . 8

A. Messrs. Jones should be allowed to conduct discovery on the issue of whether the Investment Management Agreements are enforceable . . . . . . 8

B. Even if the Investment Management Agreements are enforceable, Messrs. Jones should be allowed to conduct discovery on what amounts, if any, they are required to pay pursuant to those Agreements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## INTRODUCTION

Defendants, John A. Jones and Carleton A. Jones, III ["Messrs. Jones"], have filed their Motion to Dismiss, Stay or Transfer. Plaintiff, Gramercy Advisors, LLC ["Gramercy"] has filed a Motion for Partial Summary Judgment.

Messrs. Jones have now filed a Motion to Defer Motion for Partial Summary Judgment or, in the Alternative, for Extension of Time to Conduct Discovery ["Motion to Defer"]. In their Motion to Defer, Messrs. Jones ask the Court to defer the Motion for Partial Summary Judgment until after the Court has ruled on the Motion to Dismiss, Stay or Transfer. They also ask the Court to defer the Motion for Partial Summary Judgment pending rulings by the Middle District of Tennessee in an earlier-filed suit between the parties. In the alternative, Messrs. Jones ask the Court for time to conduct discovery before responding to the Motion for Partial Summary Judgment.

This Amended Memorandum is now filed in support of the Motion to Defer. Except for the addition of a Table of Contents, this Amended Memorandum is the same as the Memorandum which was submitted in support of the Motion to Defer on June 26, 2007.

## PROCEDURAL BACKGROUND

On November 20, 2006, Messrs. Jones filed *Jones v. BDO Seidman, LLP* in the United States District Court for the Middle District of Tennessee (Docket #3:06-CV-1115) ["the Tennessee Case"]. At that time, the only defendant was BDO Seidman, LLP ["BDO"]. [Evans Declaration, Exhibit 1 Docket Sheet from Tennessee Case)]

On March 27, 2007, Messrs. Jones filed an Amended Complaint in the Tennessee Case. [Evans Declaration filed 6/19/07, Exhibit 2 (DE#9)].[1] That Amended Complaint *inter alia* includes

[1]For brevity, we will refer to this earlier filed declaration as "6/19/07 Evans Declaration"]

Gramercy Advisors, LLC ["Gramercy"] as a Defendant. Of course, Gramercy is the plaintiff in this case.

The Amended Complaint in the Tennessee Case asserts claims against BDO and Gramercy for, *inter alia,* fraud, breach of fiduciary duty, conspiracy, negligent misrepresentation, and professional malpractice as a result of a tax shelter which Gramercy and BDO wrongfully induced Messrs. Jones to enter and which was rejected by the IRS. The Amended Complaint also seeks a judgment declaring that the Investment Management Agreements ["IMAs"] which Gramercy had Messrs. Jones sign are unenforceable and that, even if they are enforceable, the indemnity provisions in the IMAs are not applicable to the dispute between Messrs. Jones and Gramercy. [Amended Complaint, ¶¶ 185-192[2]]. The allegations of the Amended Complaint regarding the IMAs and the indemnity provisions include the following:

> For each of at least four reasons, these provisions are inapplicable or unenforceable. First, they do not apply to suits between the indemnitors (Messrs. Jones) and the indemnitee (Gramercy). Rather, they only apply to suits brought against the indemnitee (Gramercy) *by third parties* based upon actions taken by the indemnitee (Gramercy) for the benefit of the indemnitors (Messrs. Jones). Second, these provisions are inapplicable because they do not apply to claims for willful misconduct, gross negligence, a violation of applicable securities laws, or criminal wrongdoing by Gramercy. The claims which Messrs. Jones have asserted against Gramercy include claims for willful misconduct and gross negligence. Third, the provisions apply only if Gramercy acted in good faith and in a manner the Gramercy reasonably believed to be in the best interests of Messrs. Jones. Gramercy did not act in good faith and did not reasonably believe that its actions were in the best interests of Messrs. Jones. Fourth, Messrs. Jones signed the Gramercy Agreement in reasonable reliance on the false statements, misleading statements, and omissions of Gramercy which have already been described in this Complaint. This includes the false statements, misleading statements, and omissions which were made by BDO as the co-conspirator of Gramercy. Therefore, Messrs. Jones were wrongfully induced to enter the Gramercy Agreement. Because Messrs. Jones were wrongfully induced to enter the Gramercy Agreement, it is unenforceable.

---

[2]A copy of the Amended Complaint is Exhibit 2 to the 6/19/07 Evans Declaration.

[Amended Complaint, ¶ 188].

On March 29, 2007, Gramercy was served with process for the Tennessee Case. [6/19/07 Evans Declaration, Exhibit 3]

On April 9, 2007, Gramercy retaliated by commencing this action against Messrs. Jones. In this second-filed action, Gramercy seeks to enforce the IMAs and to require that Messrs. Jones indemnify it against any judgment which Messrs. Jones obtain against it.[3] In addition, Gramercy seeks to have Messrs. Jones advance the costs of defending itself in the Tennessee Case and in this action. **Therefore, the facts and events giving rise to Gramercy's claims in this action are already at issue in the Tennessee Case. Furthermore, Gramercy bases its claims in this action upon the same IMAs which are the subject of the claim of Messrs. Jones for declaratory relief in the Tennessee Case.** [*See*, Gramercy's Complaint, ¶¶ 10, 14-21, 23-34]. Thus, the facts, legal issues and documents at issue in this second-filed action are identical to the facts, legal issues and documents in the Tennessee Case. **Gramercy's second-filed suit does not place at issue any matter other than matters which are already at issue in the Tennessee Case**.[4]

Substantial proceedings have already taken place in the Tennessee Case. Those proceedings include the following:

| Date | Event |
|---|---|
| 4/17/07 | Case management conference conducted |
| 4/19/07 and 4/20/07 | Messrs. Jones propounded interrogatories and document requests to BDO Seidman, LLP ["BDO"] and Gramercy Advisors, LLC ["Gramercy"] |

---

[3]Copies of the IMAs are attached as Exhibits A and B to Gramercy's complaint.

[4]This is explained fully in the Memorandum Supporting Motion to Dismiss, Stay or Transfer [DE #12]

| Date | Event |
|---|---|
| 4/25/07 | Messrs. Jones filed Motion for Preliminary Injunction Restraining Gramercy Pursuing Second Filed Action in New York |
| 5/11/07 | Messrs. Jones propounded additional interrogatory to Gramercy |
| 5/17/07 | BDO served Rule 26(a)(1) Disclosures |
| 5/21/07 | BDO served responses and objections to interrogatories and document requests |
| 5/25/07 | Gramercy filed motion to dismiss for lack of jurisdiction or to dismiss pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) |
| 6/4/07 | Gramercy filed Motion for Protective Order (seeking to stay discovery and Messrs. Jones' motion for preliminary injunction) |
| 6/21/07 | Messrs. Jones filed response to Gramercy's Motion for Protective Order |

[6/19/07 Evans Declaration, ¶¶ 1, 4, Evans Declaration, Exhibit 1].

On June 18, 2007, Gramercy filed a Motion for Partial Summary Judgment in this case. In that Motion, Gramercy asserts that the indemnity provisions of the IMAs require Messrs. Jones to advance the costs which Gramercy incurs in defending the lawsuit against it. Gramercy seeks a judgment requiring Messrs. Jones to advance $500,000 to it for such costs.

On June 19, 2007, Messrs. Jones filed a Motion to Dismiss, Stay or Transfer this case. The essence of that Motion is as follows:

(1) The claims which Gramercy has asserted in this Court are compulsory counterclaims which must be pursued in the earlier-filed Tennessee Case or be forever barred.

(2) Pursuant to the well-settled First-Filed Rule this Court should dismiss or stay this action pending the outcome of the Tennessee Case.

(3) In the interest of justice, and for other reasons, this case should be transferred to the Middle District of Tennessee pursuant to 28 U.S.C. §1404(a).

Messrs. Jones have now filed their Motion to Defer Motion for Partial Summary Judgment or, in the Alternative, for Extension of Time to Conduct Discovery.

## ARGUMENT

### I. IN ORDER TO AVOID WASTEFUL AND UNNECESSARY LITIGATION EXPENSE, THE COURT SHOULD DEFER THE MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL AFTER THE COURT HAS RULED ON THE MOTION TO DISMISS, STAY OR TRANSFER.

If this Court grants the Motion to Dismiss, Stay or Transfer, then the Middle District of Tennessee will decide whether the IMAs are enforceable and what amounts, if any, Messrs. Jones are required to pay pursuant to the IMAs. Thus, the Motion for Partial Summary Judgment will be rendered moot if this Court grants the Motion to Dismiss, Stay or Transfer.

If the Motion for Partial Summary Judgment is rendered moot, then it will not be necessary for Messrs. Jones to incur expense responding to that Motion and it will not be necessary for the Court to be burdened with considering that Motion. Certainly, Messrs. Jones should not be required to incur the expense of responding to that Motion as long as there is the possibility that it will be rendered moot.[5] For this reason alone, the Motion for Partial Summary Judgment should be deferred until after the Court has ruled on the Motion to Dismiss, Stay or Transfer. Alternatively, the Motion for Partial Summary Judgment should be dismissed, without prejudice, as being premature.

These concerns of Messrs. Jones to avoid wasteful and unnecessary litigation expense are particularly acute because the indemnity provisions of the IMAs do not apply to fees and expenses incurred in litigation between the indemnitor and the indemnitee. For this reason alone, Gramercy's Motion for Partial Summary Judgment appears to be contrary to the settled law of New York and the Second Circuit. *See*, Appendix B to Memorandum in Support of Motion to Dismiss, Stay or

---

[5]Gramercy will undoubtedly wish to file a reply brief in support of its Motion for Partial Summary Judgment. It makes no sense for Gramercy to incur the expense of preparing that reply brief as long as there is the possibility that the Motion might be rendered moot.

Transfer [DE#9] (citing and discussing numerous authorities).[6]

## II. IN ORDER TO AVOID THE RISK OF INCONSISTENT JUDGMENTS AND THE BURDEN OF DUPLICATIVE LITIGATION, THIS COURT SHOULD DEFER THE MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING RULINGS BY THE MIDDLE DISTRICT OF TENNESSEE IN THE EARLIER FILED SUIT BETWEEN THE PARTIES.

As explained in the Memorandum supporting the Motion to Dismiss, Stay or Transfer, there is also the risk of inconsistent judgments. If the Middle District of Tennessee decides that it has personal jurisdiction over Gramercy, then it will consider the issues of whether the IMAs are enforceable and what amounts, if any, Messrs. Jones are required to pay pursuant to the IMAs. Those are the same issues which are pending before this Court. Thus, there is the risk of inconsistent judgments.

In order to avoid the risk of inconsistent judgments and because the first-filed suit is pending in Tennessee, this Court should defer the Motion for Partial Summary Judgment. It should do so until the Middle District of Tennessee has decided whether it has personal jurisdiction over Gramercy. Alternatively, the Motion for Partial Summary Judgment should be dismissed, without prejudice, as being premature.

As also explained in the Memorandum supporting the Motion to Dismiss, Stay or Transfer, there is the burden of duplicative litigation. Until and unless the Middle District of Tennessee

---

[6]In addition to what is explained in Appendix B, note also that indemnity provisions specifically provide that there shall be no indemnity for conduct violating applicable securities laws. This is consistent with case law. *See, Credit Suisse First Boston, LLC v. Intershop Communications AG*, 407 F.Supp.2d 541, 547 (S.D.N.Y., 2006)(indemnity agreements will not be enforced for even negligent violation of federal securities laws). Messrs. Jones contend that Gramercy wrongfully induced them to sign the IMAs with the indemnity provisions. Such wrongful inducement is a violation of the anti-fraud provisions of the Investment Advisors Act of 1940 (15 U.S.C. §80b-6) which entitles them to rescind the IMAs and to recover fees paid to Gramercy pursuant to 15 U.S.C. §80b-15.

decides that it does not have personal jurisdiction over Gramercy, the parties and the Federal Courts will be subject to the unnecessary burden of duplicative litigation in the Southern District of New York and the Middle District of Tennessee. In order to minimize (if not eliminate) this burden, the Motion for Partial Summary Judgment should be deferred, at least until after the Middle District of Tennessee decides whether it has personal jurisdiction over Gramercy.[7]

In response, Gramercy will likely protest vehemently that the there is no basis for jurisdiction over it. However, such protestations of Gramercy will not withstand scrutiny. There is not only a reasonable basis but a <u>compelling</u> basis for personal jurisdiction over Gramercy in the Middle District of Tennessee. *See*, Appendix A to Memorandum in Support of Motion to Dismiss, Stay or Transfer which explains the facts and legal authorities establishing the legal basis for personal jurisdiction over Gramercy in the Middle District of Tennessee. [DE #11]. *See also*, Declarations of Messrs. Jones which verify substantial and continuing contacts which Gramercy has had with Tennessee. [Notice of Filing, Exhibits 1, 2].

Note also that Gramercy has filed a motion for protective order in the Tennessee Case in an attempt to block jurisdictional discovery. [Evans Declaration, Exhibit 1]. Messrs. Jones have responded to that Motion and believe it will be denied. They further believe that many more facts supporting the case for personal jurisdiction over Gramercy in the Middle District of Tennessee will be revealed through discovery in that case.

---

[7]Indeed, it is only logical to stay this case pending the ruling by the Middle District of Tennessee on whether it has personal jurisdiction over Gramercy.

## III. IN THE ALTERNATIVE, THE COURT SHOULD ALLOW MESSRS. JONES TO CONDUCT DISCOVERY BEFORE RESPONDING TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT.

### A. Messrs. Jones should be allowed to conduct discovery on the issue of whether the Investment Management Agreements are enforceable.

Messrs. Jones contend that the IMAs are unenforceable because they were fraudulently induced to sign the IMAs. They have specifically alleged such fraudulent inducement in the Tennessee Case. *See,* Amended Complaint at ¶¶ 188, 192. [6/19/07 Evans Declaration, Exhibit 2]. Therefore, they are entitled to conduct discovery to establish that they were fraudulently induced to enter the agreements.

*Inter alia*, they are entitled to discover the fee-splitting arrangement between Gramercy and BDO. They paid $1,185,000 to BDO for consulting fees in connection with the tax shelter. They are entitled to discover how much of those fees BDO secretly paid to Gramercy. They are also entitled to discover other details of the conspiracy between Gramercy and BDO in order to confirm the existence of this conspiracy and to discover in detail the actions taken pursuant to this conspiracy, particularly as it relates to Messrs. Jones. This is important because BDO made numerous misrepresentations to Messrs. Jones and concealed facts from them. Because Gramercy conspired with BDO, those misrepresentations and concealments are attributable to it. Messrs. Jones are also entitled to discover whether Gramercy ever executed the transactions which were allegedly going to provide the shelter from federal income taxes.[8]

---

[8]In April, Messrs. Jones propounded interrogatories and document requests to Gramercy in the Tennessee Case seeking to discovery these matters, as well as others. Gramercy has filed a motion for protective order seeking to block that discovery. On June 21, 2007, Messrs. Jones filed their response to Gramercy's motion for protective order.

The desire to conduct discovery regarding the conspiracy is not a "fishing expedition." Even though no discovery has been conducted, there is already ample evidence to demonstrate that this conspiracy existed. *See*, Appendix A to Memorandum in Support of Motion to Dismiss, Stay or Transfer at pp. A-8 through A-19 [DE #11]. And *see*, Declarations of IRS Agent Sandra Alvelo which narrates numerous e-mails and other documents showing that Gramercy was deeply involved with BDO in structuring and promoting tax shelters. [6/19/07 Evans Declaration, Exhibits 8 and 9]; Complaint filed in *Ronen Olshansky v. Gramercy Advisors* (Docket No. 03-CV-9943, S.D.N.Y.) [6/19/07 Evans Declaration, Exhibit 10]; Page 24 from Government's Memorandum of Law in Support of its Motion Seeking the Admission of Certain "Other Crimes" Evidence, filed in *U.S. v. Stein* (Docket No. 05-CR-888 S.D.N.Y.)[6/19/07 Evans Declaration, Exhibit 11].

Pursuant to Rule 56(f), Fed. R. Civ. P., Messrs. Jones are entitled to conduct this discovery before responding to the Motion for Partial Summary Judgment. To require them to respond to that Motion before conducting discovery would be manifestly unfair and contrary to the rulings of Courts applying Rule 56(f) in other cases. As the Second Circuit stated in *Robinson v. Transworld Airlines*, 947 F.2d 40 (1991):

> In *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980) (citations omitted), we pointed out that "[a]t least when the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when he is denied reasonable access to potentially favorable information."

947 F.2d 43.

This is particularly true where, as here, most of the information is within the control of the opposing party. *District 15, International Association of Machinists and Aerospace Workers v. Numberall Stamp and Tool, Inc.*, 658 F. Supp. 648, 651 (S.D.N.Y. 1987); *Harrod's Limited v. Sixty Internet*

*Domain Names*, 302 F.3d 214, 246-247 (4th Cir. 2002). And see, *Trostel v. Canadian Imperial Bank*, 1984 U.S. Dist. LEXIS 24198, *9 (N.D. Ill., E.D. 1984)("To decide this motion without the fruits of such discovery would be manifestly unfair, especially since the evidence sought is solely in the control of the moving party").

If their be any doubts in this case, Rule 56(f) should be construed liberally to resolve those doubts in favor of Messrs. Jones. *Harrod's Limited v. Sixty Internet Domain Names*, *supra,* 302 F.3d at 245, n. 15; *Berne Street Enterprises, Inc. v. American Export Isbrandtsen Company*, 289 F. Supp. 195, 197 (S.D.N.Y. 1968)

As required by Rule 56(f), the Declaration of Winston Evans describes in further detail what discovery is sought, why that discovery is sought, and how that discovery is relevant to the Motion for Partial Summary Judgment.

Therefore, the Motion for Partial Summary Judgment should be deferred until discovery has been conducted. Alternatively, it should be dismissed as being premature.

**B. Even if the Investment Management Agreements are enforceable, Messrs. Jones should be allowed to conduct discovery on what amounts, if any, they are required to pay pursuant to those Agreements.**

Even if the IMAs are held to be enforceable, there is still the question of what amounts, if any, they are required to pay to Gramercy under the following provisions of §7(f) of the IMAs:

> Expenses incurred by an indemnitee in defense or settlement of any claim that shall be subject to a right of indemnification hereunder, shall be advanced by the Client prior to the final disposition thereof upon receipt of an undertaking on behalf of the Indemnitee to pay the amount advanced to the extent that it shall be determined ultimately that the indemnitee is not entitled to be indemnified hereunder.

Gramercy contends that this requires Messrs. Jones to advance $500,000 to it. However, the IMAs also provide as follows in §7(i):

> Notwithstanding anything in this Agreement to the Contrary, the aggregate maximum amount that the Client shall be liable to Indemnitees pursuant to this Agreement shall, to the extent not prohibited by law, never exceed the amount of management and incentive fees paid by the Client to the Investment Manager under this Agreement prior to the date that the acts or omission giving rise a claim for indemnification shall have occurred.

Thus, it is necessary to determine the amount of management and incentive fees which Messrs. Jones have paid to Gramercy.

Unfortunately, the statements which Gramercy sent to Messrs. Jones did not reveal the amount of those fees for the period prior to March 1, 2004. [Declaration of John Jones, Exhibit 2, Declaration of Carleton Jones, Exhibit 3]. The statements for the period subsequent to that date reveal fees of approximately $253,000. Thus, the total fees could have exceeded $350,000. However, the total amount of those fees is clearly at issue and must be determined. This is crucial because the amount of the fees is obviously much less than the $500,000 amount which Gramercy seeks to recover.[9] Messrs. Jones are entitled to conduct discovery to determine the total amount of fees which Gramercy claims that they have paid to it.[10]

Further, there is the question of whether the attorney fees are reasonable. Gramercy claims that, in slightly more than two months, it has incurred the staggering sum of $253,078.31 in attorney

---

[9]The fact that Gramercy would ask the Court to award it far more than the greatest amount it could possibly recover casts serious doubts on the validity of its claims.

[10]In April, Messrs. Jones propounded interrogatories to Gramercy in the Tennessee case. One of the interrogatories sought the amount of fees paid by Messrs. Jones to Gramercy. Instead of answering that interrogatory, Gramercy filed a Motion for Protective order attempting to block discovery. On June 21, Messrs. Jones filed their response to that motion. The Middle District of Tennessee has not yet ruled on the motion.

fees.[11] Messrs. Jones are entitled to conduct discovery to determine if these fees are reasonable.

## CONCLUSION

For the reasons stated, the Motion for Partial Summary Judgment should be deferred. . Alternatively, it should be discovery has been conducted. Alternatively, Messrs. Jones should be permitted to conduct discovery before they are required to respond to the Motion for Partial Summary Judgment.

Respectfully submitted,

s/ Winston S. Evans
Winston S. Evans (WE 6081)
Thomas W. Shumate IV (TE 3160)
Evans, Jones & Reynolds, P.C.
1810 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2424
(615) 259-4685

*Attorneys for Defendants*

[11] According to the Declaration of Michael Petrella, this was the amount which Gramercy had incurred through May 31, 2007.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **AMENDED MEMORANDUM IN SUPPORT OF MOTION TO DEFER MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR TIME TO CONDUCT DISCOVERY** has been served via **Electronic Transmission** and **Federal Express** upon:

Michael Edward Petrella, Esq.
O'Shea Partners, LLP
90 Park Avenue, 20th Floor
New York, NY 10016

Richard D. Meadow, Esq.
The Lanier Law Firm, PLLC
126 East 56th Street, 6th Floor
New York, NY 10022

and via **Federal Express** upon:

Hon. Lawrence M. McKenna, District Judge
United States Courthouse
500 Pearl St., Room 1640
New York, NY 10007

this 27th day of June, 2007.

s/ Winston S. Evans

361400.044