# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN A. JONES and<br>CARLETON A. JONES, III,<br><br>Plaintiffs<br><br>v.<br><br>BDO SEIDMAN, LLP and<br>GRAMERCY ADVISORS, LLC,<br><br>Defendants. | CASE NO. 3:06-CV-1115<br><br>Judge Echols<br><br>Magistrate Judge Brown |

### DEFENDANT BDO SEIDMAN, LLP'S AMENDED RESPONSE AND OBJECTIONS TO PLAINTIFFS' INTERROGATORY NO. 1

BDO Seidman, LLP ("BDO"), by and through its attorneys, DLA Piper US LLP, and pursuant to Federal Rule of Civil Procedure 33(b), hereby responds and objects to Plaintiffs' Interrogatory No. 1 as follows:

### Introduction

BDO's response is made subject to the General Objections set forth below. BDO incorporates these General Objections into its response to Interrogatory No. 1. BDO's failure to specifically mention a particular General Objection does not, and should not be construed to, constitute a waiver of any General Objection.

### General Objections

BDO makes the following General Objections to Plaintiffs' Interrogatory No. 1:

1. <u>Attorney-Client Privilege</u>: BDO objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege. The inadvertent disclosure of any information protected by the attorney-client privilege shall not constitute a' general waiver of the privilege or a waiver with respect to the Interrogatory at issue.

CHGO1\31083185.1

2. <u>Work Product Doctrine</u>: BDO objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney work product doctrine or that would result in the disclosure of the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of BDO's attorneys. The inadvertent disclosure of any information protected by the attorney work product doctrine shall not constitute a general waiver of the privilege or a waiver with respect to the Interrogatory at issue.

3. <u>Tax Practitioner's Privilege</u>: BDO objects, on behalf of its clients, to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the tax practitioner's privilege under 26 U.S.C. § 7525. The inadvertent disclosure of any information protected by the tax practitioner's privilege shall not constitute a general waiver of the privilege or a waiver with respect to the Interrogatory at issue. BDO views, without limitation, any information pertaining to tax advice rendered by BDO to any particular taxpayer, with the exception of Plaintiffs, as protected by the tax petitioner's privilege.

4. <u>Confidentiality</u>: BDO objects to Interrogatory No. 1, pursuant to Federal Rule of Civil Procedure 26(c), to the extent it seeks trade secrets or other confidential research, development, or commercial information without an appropriate confidentiality stipulation or protective order.

5. <u>Definition No. 2</u>: BDO objects to Plaintiffs' invocation of Tennessee Rule of Civil Procedure 34.01 in its definition of "document" because that Rule has no application to this federal proceeding. BDO further objects to Plaintiffs' definition of "document," on the basis of Federal Rule of Civil Procedure 26(b)(2)(B), to the extent it seeks electronically stored information from sources which are not reasonably accessible because of undue burden or cost.

## Preservation of Rights

BDO's response to Interrogatory No. 1 is made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any subsequent proceeding, the arbitration of this action, or any other action;

2. The right to object on the grounds of relevance, hearsay, or any other proper ground to the use of the response, or the subject matter thereof, in any subsequent proceeding, the arbitration of this action, or any other action;

3. The right to object on any grounds at any time to a demand for further responses to Interrogatory No. 1 or other discovery requests involving or relating to the subject matter of Interrogatory No. 1; and

4. The right at any time to revise, correct, supplement, clarify, and/or amend the response and objections set forth herein.

## Response & Objections

1.  List all amounts paid by BDO to Decastro or to Gramercy (including its affiliates). This is limited to the period January 1,1999 through December 31,2005, but specifically includes, without limitation, the $800,000 deposit to which reference is made in Exhibit 5 to the Amended Complaint. In so doing, state the amount paid or transferred, the payee, the date of payment, and the reason for the payment.

**RESPONSE:** BDO incorporates its general objections as if fully set forth herein. BDO further specifically objects to this Interrogatory because it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome in that it seeks information unrelated to Plaintiffs' transactions. Without waiving and subject to the foregoing objections, BDO states as follows:

On or about June 18, 2002, BDO received, by check, a total of $585,000.00 from John A. Jones and $600,000.00 from Carleton A. Jones, III pursuant to their respective Consulting Agreements with BDO. On or about August 15, 2002, BDO wired $300,000.00 from BDO Solutions, LLC's bank account to Gramercy Advisors, LLC's ("Gramercy") Boston Safe Deposit & Trust account in connection with services rendered by Gramercy to Plaintiffs. BDO did not forward any monies to De Castro, West, Chodorow, Glickfield & Nass, Inc. on behalf of or in connection with either John A. Jones or Carleton A. Jones, III.

Respectfully submitted,

Dated: August 9, 2007         By: /s/

Michael L. Dagley (12895)
Brian D. Roark (20262)
**BASS, BERRY & SIMS PLC**
315 Deaderick Street, Suite 2700
Nashville, TN 37238-3001
Tel: 615.742.6200
Fax: 615.742.6293

Michael S. Poulos (admitted *pro hac vice*)
Robert S. Markin (admitted *pro hac vice*)
**DLA PIPER US LLP**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
Tel: 312.368.4000
Fax: 312.236.7516

*Attorneys for Defendant BDO Seidman, LLP*