# EXHIBIT 6

Case 1:07-cv-02809-LMM    Document 23-9    Filed 08/20/2007    Page 1 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GRAMERCY ADVISORS, LLC,                           :

           Plaintiff,                  :        05 Civ. 9385 (RJH) (AJP)

         -against-                             :        **ORDER**

KENNETH R. THOMPSON,                              :

           Defendant.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 2/15/07]

**ANDREW J. PECK, United States Magistrate Judge:**

       Based on the parties' consent at today's conference, and based on the parties' consent to my entry of this order pursuant to 28 U.S.C. § 636(c), IT IS HEREBY ORDERED THAT:

       1.    On plaintiff's consent (see attached letter), defendant's motion to compel the parties to arbitrate the claims asserted in this action pursuant to the arbitration provisions in defendant's consulting agreement with BDO Seidman LLP, is GRANTED, and the parties are directed to arbitrate this matter.

       2.    Any other pending motions are denied without prejudice as moot.

       3.    This action is stayed for 30 days. Absent a request from the parties to continue the stay and Court order approving same, this case will be deemed and is dismissed without

C:\OPIN\

2

prejudice as of <u>March 19, 2007</u>, without need for any further Court action.

        SO ORDERED.

Dated:        New York, New York
                 February 15, 2007

                                              Andrew J. Peck
                                              United States Magistrate Judge

Copies **by fax & ECF** to:    Michael E. Petrella, Esq.
                                   Jon Altschuler, Esq.
                                   Gary V. Mauney, Esq.
                                   James A. Roberts, III, Esq.
                                   Judge Richard J. Holwell

C:\OPIN\

# O'SHEA PARTNERS LLP

90 PARK AVENUE
20th FLOOR
NEW YORK, NEW YORK 10016

SEAN F. O'SHEA
MICHAEL E. PETRELLA

HARLAN J. PROTASS
MARC D. FEINGOLD
JONATHAN R. ALTSCHULER
MAUREEN MORAN
JULIE O'SHEA

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com


RECEIVED FEB 15 2007 CHAMBERS OF ANDREW J PECK

February 15, 2007

**By Fax**

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:   Gramercy Advisors, LLC v. Thompson
         05 CV 9385 (RJH) (AJP)

Your Honor:

   We represent Plaintiff Gramercy Advisors in the above referenced matter. We write with regard to the motion to compel arbitration filed by Defendant Thompson on November 2, 2006.

   In his motion, Defendant contends that the parties are required to arbitrate all of the claims asserted in this case pursuant to a consulting agreement he signed with BDO Seidman. (That agreement is attached hereto as Exhibit A.) The consulting agreement contains a broad arbitration clause. (Ex. A at 3.) By Court order, Plaintiff's opposition is due by March 2, 2007.

   We write to advise the Court that we consent to Defendant's motion, and respectfully request that the Court enter an order (1) staying all proceedings in this Court pending final disposition of this action in arbitration; and (2) ordering the parties to proceed to arbitration in accordance with the terms of the arbitration provisions of the BDO consulting agreement.

   Please note that the parties are scheduled to appear this afternoon before Judge Peck regarding outstanding discovery disputes. Although Plaintiff will obviously appear this afternoon, in light of its consent to stay this case in favor of arbitration, Plaintiff believes that the substantive discovery issues before Judge Peck are moot.

Respectfully submitted,

Michael E. Petrella

cc: Hon. Andrew J. Peck (by fax)
    Gary Mauney, Esq. (by fax)



BDO Seidman, LLP
Accountants and Consultants

330 Madison Avenue
New York, New York 10017-5001
Telephone: (212) 885-8000
Fax: (212) 697-1299

## CONSULTING AGREEMENT



This Agreement is entered into as of the 13th day of December, 2000 (the "Effective Date") by and between Ken Thompson (the "Client"), resident at 250 West 8th Street, Chuluota, Florida 32766 and BDO Seidman, LLP, a New York registered limited liability partnership ("BDO"), with offices at 330 Madison Avenue, New York, New York 10017.

### WITNESSETH

WHEREAS, the Client is interested in making certain investments ("the Transactions");

WHEREAS, BDO is in the business of providing accounting and consulting services; and

WHEREAS, the Client desires BDO to provide certain Consulting services in connection with the Transactions, and BDO desires to provide such services to the Client, all upon the terms and conditions herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. <u>Term</u>. Unless earlier terminated as provided hereunder, the term of this Agreement shall commence on the Effective Date and continue through October 31, 2001 when this Agreement shall automatically expire (the "Term").

2. <u>Services</u>. During the Term, BDO agrees to provide the following consulting services to the Client (the "Services"): preparation of Client's 2000 individual federal and state tax returns, consulting services in conjunction with certain income tax, estate tax, personal financial planning and other financial aspects of various anticipated investment activities. BDO is not in the business of providing investment advice or services, thus, none of the services to be rendered can include investment advice and should not be considered as investment advice. It is understood that the Client is not relying upon BDO for investment advice or services.

3. <u>Fees</u>.

   (a)   In consideration for the Services, the Client shall pay BDO $100,000 (the "Consulting Fee"). If the Client's account is past due and BDO has notified the Client verbally or in writing of the past due balance, BDO may, without advance notice, immediately cease providing any and all further Services without any liability for interruption of pending work or breach of this Agreement. If the Client's account, after default, is referred to an attorney or

EXHIBIT A

# BDO

collection agency for collection, the Client shall pay all of BDO's expenses incurred in such collection efforts including, without limitation, court costs and reasonable attorneys' fees.

(b) The total Consulting Fee shall be due and payable from the Client to BDO on or before December 13, 2000 by wire transfer to the following account:

| | |
|---|---|
| Bank: | Comerica Bank, Detroit Michigan |
| ABA # | 072 000 096 |
| Acct # | 1851231694 |
| Acct Name | BDO Solutions, LLC |

4. <u>Termination</u>.

(a) Either party shall have the right to terminate this Agreement if -

(i) the other party breaches or defaults under this Agreement and fails to cure such breach or default within seven (7) days after receiving notice from the non-breaching party;

(ii) the other party becomes insolvent or makes an assignment for the benefit of creditors, or a receiver or similar officer is appointed to take charge of all or part of such other party's assets; or

(iii) the other party assigns this Agreement, or any obligation or right hereunder.

(b) The terms and conditions of Paragraphs 3, 5, 6, 7, 8, and 14 shall survive any expiration or termination of this Agreement.

5. <u>No Warranty</u>. BDO makes no warranties, express or implied, under this Agreement. BDO expressly disclaims any implied warranty of merchantability or fitness for a particular purpose or use. Additionally, BDO expressly disclaims any warranty whatsoever that the Services will include or provide for accurately processing date-related data (including, without limitation, calculating, comparing and/or sequencing) from, into and between the twentieth and twenty-first centuries, including leap year calculations, and the Client expressly assumes all risks associated with such date-related failures. BDO's Services hereunder do not include, and BDO assumes no responsibility whatsoever for, any legal and/or tax opinions regarding any strategies that may be implemented, and has advised the Client to retain a law firm for legal and/or tax opinions on any strategies or transactions they enter into. The Client's exclusive remedy, and BDO's sole liability to the Client, for any cause whatsoever shall be limited to the fees actually paid to BDO by the Client under this Agreement. The foregoing limitation shall apply regardless of the form of action, whether contract or tort, including without limitation, negligence. In no event shall BDO be liable for any loss or profit, revenue, or other commercial injury or any special, incidental, indirect or consequential damages suffered by the Client or any third party, whether or not BDO has been advised of the possibility of such loss,

2

**BDO**

injury, damages or third party claim, under any cause of action arising out of or relating to this Agreement.

6. <u>No Assignment.</u> Neither party shall assign this Agreement, in whole or in part, without the prior written consent of the other party, which written consent shall not be unreasonably withheld.

7. <u>Dispute Resolution.</u>

(a) If any dispute, controversy or claim arises in connection with the performance or breach of this agreement, either party may, upon written notice to the other party, request facilitated negotiations. Such negotiations shall be assisted by a neutral facilitator acceptable to both parties and shall require the best efforts of the parties to discuss with each other in good faith their respective positions and, respecting their different interests, to finally resolve such dispute.

(b) Each party may disclose any facts to the other party or to the facilitator, which it, in good faith, considers necessary to resolve the dispute. However, all such disclosures shall be deemed in furtherance of settlement efforts and shall not be admissible in any subsequent litigation against the disclosing party. Except as agreed by both parties, the facilitator shall keep confidential all information disclosed during negotiations. The facilitator shall not act as a witness for either party in any subsequent arbitration between the parties.

(c) Such facilitated negotiations shall conclude within sixty days from receipt of the written notice unless extended by mutual consent. The parties may also agree at any time to terminate or waive facilitated negotiations. The costs incurred by each party in such negotiations shall be borne by it; the fees and expenses of the facilitator, if any, shall be borne equally by the parties.

(d) If any dispute, controversy or claim arises in connection with the performance or breach of this agreement and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then such dispute, controversy or claim shall be settled by arbitration in accordance with the laws of the State of New York, and the then current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association ("AAA"), except that no pre-hearing discovery shall be permitted unless specifically authorized by the arbitration panel, and shall take place in the city in which the BDO office providing the relevant Services exists, unless the parties agree to a different locale.

(e) Such arbitration shall be conducted before a panel of three (3) persons, one (1) chosen by each party and the third selected by the two (2) party-selected arbitrators. The arbitration panel shall have no authority to award non-monetary or equitable relief, and any monetary award shall not include punitive damages. The confidentiality provisions applicable to facilitated negotiation shall also apply to arbitration.

(f) The award issued by the arbitration panel may be confirmed in a judgment by any federal or state court of competent jurisdiction. All reasonable costs of both parties, as

3

# BDO

determined by the arbitrators, including (1) the fees and expenses of the AAA and the arbitrators, and (2) the costs, including reasonable attorneys' fees, necessary to confirm the award in court shall be borne entirely by the non-prevailing party (to be designated by the arbitration panel in the award) and may not be allocated between the parties by the arbitration panel.

8. **Enforceability.** If any provision of this Agreement is declared invalid or unenforceable, such provision shall be deemed modified to the extent necessary and possible to render it valid and enforceable. In any event, the unenforceability or invalidity of any provision shall not affect any other provision of this Agreement, and this Agreement shall continue in full force and effect, and be construed and enforced, as if such provision had not been included, or had been modified as above provided, as the case may be. The parties acknowledge and agree that this Agreement allocates risk between them as authorized by any applicable law and that the amount of the fees charged for the Services reflects this allocation of risk and other limitations of liability contained in this Agreement. If any remedy hereunder is determined to have failed of its essential purpose, all limitations of liability and exclusion of damages set forth in this Agreement shall remain in full force and effect.

9. **Independent Contractor.** BDO and the Client acknowledge that the relationship between the parties to this Agreement is exclusively that of an independent contractor and that BDO's obligations to the Client are exclusively contractual in nature. Nothing herein contained shall be construed to imply a joint venture, partnership or principal-agent relationship between BDO and the Client, and neither party shall have the right, power or authority to obligate or bind the other to any third party in any manner whatsoever.

10. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of New York, except for its conflict of law principles.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties with respect to the subject matter herein, superseding all prior agreements, negotiations or understandings, whether oral or written, with respect to such subject matter. This Agreement may not be amended or modified except in a writing signed by duly authorized representatives of the Client and BDO.

12. **Notice.** Any notice, demand, request, statement or other writing required or permitted by this Agreement shall be deemed to have been sufficiently given either when personally delivered, delivered by receipted courier service, or mailed, postage prepaid, by registered or certified mail, return receipt requested, or sent by facsimile (confirmed by personal delivery, receipted courier service, or prepaid registered or certified mail, return receipt requested), to the individual representatives identified below at the addresses specified herein, and in any case shall be effective when received. The individuals designated below shall, unless and until otherwise provided in writing by the appropriate party, are the only Individuals eligible to receive any and all written notices under this Agreement.

4

# BDO

|                | |
|---|---|
| If to BDO:   | BDO Seidman, LLP<br>Attention: Randy S. Frischer<br>330 Madison Avenue<br>New York, New York 10017 |
| If to Client: | Ken Thompson<br>250 West 8th Street<br>Chuluota, Florida 32766 |

Notice shall be deemed to be given on the date personally delivered or deposited with the US Mail or receipted courier service.

14. **Confidentiality Privilege**

   (a) A confidentiality privilege under Internal Revenue Code Section 7525 may pertain to certain communications between BDO (federally authorized tax practitioners) and the Client regarding federal tax advice provided pursuant to this Agreement. The Client understands that BDO makes no representation, warranty or promise and offers no opinion with respect to the applicability of such confidentiality privilege, if any, and the Client agrees to hold BDO, its partners, principals, employees and agents harmless in this regard should such privilege be determined not to apply in any circumstance.

   (b) By retaining BDO, the Client agrees that BDO is authorized to claim the privilege on the Client's behalf with respect to any applicable communications, up to and until such time as the Client may waive any such privilege in writing, or BDO may otherwise be required by law to disclose such communications in compliance with any court order, subpoenas, summonses, or incurs costs in defending the assertion of the privilege on the Client's behalf, the Client will be responsible for such costs.

   (c) Notwithstanding anything to the contrary herein, in accordance with Treasury Regulation 301.6111 – 2T(c)(2), BDO hereby expressly authorizes the Client to disclose any and all aspects of the Transactions to any and all persons, without limitation of any kind.

15. **Miscellaneous.**

   (a) The Client represents and warrants that it has the full power and authority to enter into this Agreement and to carry out the transactions provided for herein. In addition, the Client represents that it has not entered into any agreement regarding the subject matter hereunder with any other party that covers the period during which BDO is authorized to act and provide services hereunder.

   (b) The failure of either party to require performance by the other of any provision hereof shall in no way affect the right to require performance at any time thereafter, nor shall the waiver of a breach of any provision hereof be taken to be a waiver of any succeeding breach of such provision or as a waiver of the provision itself.

5